UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN P. KUJAWSKI,

    Plaintiff,

v.

ELAINE L. CHAO, Secretary of Labor,

    Defendant.

Case No. 07-cv-330-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendant Elaine L. Chao, Secretary of the United States Department of Labor ("Secretary") seeking dismissal of plaintiff John P. Kujawski's ("Kujawski") claims (Doc. 14). Kujawski has responded to that motion (Doc. 24), and the Secretary has replied to that response (Doc. 26).

**I.    Background**

The Court has set forth the background of this case and decided a number of critical legal issues in its order (Doc. 37) denying Kujawski's motion for a preliminary injunction (Doc. 6). The Court adopts the relevant portions of its prior order as it relates to the issues involved in the pending motion to dismiss and assumes the reader's familiarity with that opinion.

In summary, Kujawski challenges the Secretary's decision to enforce a reporting requirement for gifts or loans Kujawski, a union-designated legal counsel ("DLC"), made to union officials or employees that exceed $250 in value annually in the aggregate. Kujawski's complaint contains six counts. It alleges that the Secretary's advisories exceeded her authority under § 203(a)(1) of the LMRDA, 29 U.S.C. § 433(a)(1) (Count I), that the Secretary's extension of the Form LM-10 filing requirement to DLC but not to other attorneys is arbitrary and

capricious in violation of the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(A) (Count II), that the application of the Form LM-10 reporting requirement to DLCs (Count III) and the implementation of a numeric threshold for the *de minimus* exemption (Count IV) violate the APA, 5 U.S.C. § 533 because those advisories were implemented without engaging in notice and comment rulemaking, that the numeric threshold for the *de minimus* exemption is arbitrary and capricious in violation of the APA, 5 U.S.C. § 706(2)(A) (Count V), and that the Secretary has infringed on his First Amendment rights by issuing the subject advisories (Count VI).[1]

## II.  Standard for Dismissal

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic*, the Supreme Court held that this requirement is satisfied if the complaint (1) "describe[s] the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests,' *Conley v. Gibson*, 355 U.S. 41, 47 (1957)." *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atl.*, 127 S. Ct. at 1964), and (2) "plausibly suggest[s] that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *Concentra Health Servs.*, 496 F.3d at 776 (quoting *Bell Atl.*, 127 S. Ct. at 1965).

---

[1]Kujawski's complaint mentions the Regulatory Enforcement Fairness Act, 5 U.S.C. § 601 *et seq.*, but does not plead a separate cause of action under that act.

**III.    Analysis**

    A.    <u>Counts I and II:  Exceeding Authority/Arbitrary and Capricious</u>

Kujawski complaints that the Secretary has exceeded her authority under § 203(a)(1) to extend the LM-10 reporting requirement to DLCs and that she has done so arbitrarily and capriciously in violation of the APA, 5 U.S.C. § 706(2), because she did not also extend the requirement to non-DLC legal counsel.

In its prior order denying Kujawski's motion for a preliminary injunction, the Court discussed the relevant law and determined that the Secretary's application of § 203(a)(1) to DLCs is not arbitrary or capricious, an abuse of discretion or not in accordance with the law. Instead, it is a faithful interpretation of the plain language of the LMRDA well within the Secretary's rulemaking authority, although it is somewhat tangential to the primary purposes of the LMRDA.

As for Kujawski's charge that the Secretary is only enforcing the reporting requirement against DLCs and not against other legal counsel who perform work for union officials or employees, which the Court accepts as true for the purposes of this motion, as a matter of law this practice would not be arbitrary or capricious.  First, the attachments to the complaint clearly show the Secretary's position that the LM-10 reporting requirement applies generally to all attorneys who are employers.  *See* Compl. Ex. 4 at 9 ("If a service provider is an employer [and pays for dinner for a union officer], it would have to file a Form LM-10" unless an exception applies.);  Compl. Ex. 9 at 2 ("Except in rare cases, every private sector business or organization within the United States that has one or more employees is considered an employer under [the LMRDA's] definition, and thus may have reporting obligations under the LMRDA."]. Kujawski's implication that the Secretary believes the LM-10 reporting requirement applies only

to DLC attorneys is belied by the exhibits to his complaint.

She may, however, be selectively enforcing that rule, which she believes applies to all employers. The Court accepts for the purposes of this motion Kujawski's allegation that the Secretary is only enforcing the requirement against attorneys or law firms who are DLCs and not other attorneys or law firms. However, the Secretary has justified the exercise of her discretion to enforce § 203(a)'s reporting requirement against DLCs and to refrain from enforcing it against other attorneys by the fact that DLCs have special relationships with unions by virtue of their designation as recommended legal counsel, and "[u]nion members have the right to evaluate whether a lawyer's presence on a list of designated legal counsel is based on merit rather than a financial relationship between the lawyer and union officials." Compl. Ex. 9 at 3, NEW! Q3. Such an enforcement decision is not arbitrary and capricious.

For these reasons, the Court finds that dismissal of Counts I and II is warranted. Kujawski cannot show that the Secretary has exceeded her authority in applying the reporting requirements to DLCs or that she has applied those reporting requirements in an arbitrary and capricious manner.

B. Counts III, IV and V: Notice and Comment Rulemaking

Kujawski charges that the advisories applying the Form LM-10 filing requirement to DLCs and setting a numeric threshold for the *de minimus* exemption require notice and comment rulemaking and that the numeric threshold is arbitrary and capricious.

In its prior order, the Court has held as a matter of law that the advisories at issue are interpretive, not legislative rules, and therefore require no notice and comment period and that the Secretary's clarification of how she will interpret the *de minimus* exception is a matter of her enforcement discretion. Neither do the advisories require a regulatory flexibility analysis under

the Regulatory Enforcement Fairness Act, 5 U.S.C. § 603, which only requires such an analysis where an agency is required to use notice and comment rulemaking or for interpretive rules of the IRS. For the reasons stated in the Court's prior order, the Secretary is free to exercise her discretion to refrain from enforcing the reporting requirement against any or all who are required to by the plain language of the statute. She may choose to hitch a numeric value to the long-standing *de minimus* exemption for payments of "insubstantial value" contained in the instructions to the form and incorporated into 29 C.F.R. § 405.3. By doing so, she has not created any new law, right or duty but instead simply explains how she will exercise her enforcement discretion consistent with an existing exemption.

For these reasons, Kujawski cannot succeed on his claims regarding the need for notice and comment rulemaking or the selection of a numeric value to the phrase "insubstantial value."

C. Count VI: First Amendment

Kujawski's complaint alleges that the Secretary's advisories applying the Form LM-10 reporting requirement to him infringe on his First Amendment rights and should therefore be overturned, presumably pursuant to the APA, 5 U.S.C. § 706(2)(B). In its order denying preliminary injunctive relief to Kujawski, the Court discussed the legal issues involved and noted that other courts have found such reporting requirements do not impermissibly impinge on certain First Amendment rights. The Court further noted that any fear that the reporting requirement would chill the attorney-client relationship and any related First Amendment rights was baseless because attorney-client privileged information is exempt from reporting requirements. *See* LMRDA § 404, 29 U.S.C. § 434.

The Secretary asks the Court to dismiss Count VI because the LM-10 reporting requirements do not impinge on a DLC's First Amendment rights as a matter of law. Kujawski's

response to the Secretary's motion to dismiss does not address this argument.

For the reasons stated in its preliminary injunction order, the Court holds that to the extent Kujawski's claim rests on the potential to chill speech covered by the attorney-client privilege, his claim cannot succeed because such communications are exempt from reporting. Thus, the Secretary's position does not hinder a DLC from providing legal advice to union members.

The same cannot be said for the forced disclosure of expenses a DLC would pay for services incidental to the provision of legal services and other items of work product that do not fall under the attorney-client privilege such as, for example, expert or consultant fees. Such disclosure, Kujawski alleges, would subject employee experts and consultants to retaliation by their employers, would chill their willingness to assist him in litigating for his clients and, in turn, would harm his clients' likelihood of success in their cases. The Secretary claims that such expenses are exempt from reporting as a "sale or purchase of an article or commodity at the prevailing market price in the regular course of business." 29 U.S.C. § 186(c). However, the Court has already expressed its skepticism that such *services* constitute *articles or commodities* to which § 186(c) applies. Since the Secretary has not carried her burden of showing that disclosure of such matters cannot as a matter of law constitute an impermissible infringement on First Amendment rights, dismissal is not appropriate for Kujawski's First Amendment claim as it relates to this type of disclosure. The Court expresses no view on Kujawski's standing to raise this claim, the exact nature of the First Amendment right in issue, the government interests that may justify infringement of such a right or the relationship between those interests and First Amendment rights. However, absent further briefing on these and other relevant issues, the Court cannot dismiss this claim.

To the extent Kujawski relies on some other aspect of First Amendment rights, he has failed in his complaint to describe his claim in sufficient detail to give the Secretary fair notice of his claim and the grounds upon which it rests or to plausibly suggest he has a right to relief beyond a speculative level.

For these reasons, the Court will allow Count VI to proceed to the extent it complains that First Amendment rights are violated by the forced disclosure of litigation expenses Kujawski paid or would pay that are not covered by the attorney-client privilege.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** the Secretary's motion to dismiss (Doc. 14). Counts I through V are **DISMISSED with prejudice**. Count VI remains pending. The Clerk of Court is **DIRECTED** to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED: June 18, 2008**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**